MR. JUSTICE SHEEHY,
concurring and specially concurring:
I concur in the above opinion.
After oral argument was had in this case, a few editors in the State had some querulous comments to make concerning the State’s argument that airline overflights, not touching in the State, should nevertheless be included in the numerator of the mileage factor to determine a fair income tax for the airline.
It will doubtless astound those editors to learn that the State’s proposal is not unique; that a number of states use such overflight mileage in determining an airline’s income taxes; that this airline particularly suggested such a method in lieu of another to the State of Minnesota; that the method is neither illegal nor unfair; and that the legislature and the department of revenue may well consider such a factor as they revamp their laws and regulations to cover the hole in the income tax law pointed out in this Court’s opinion.
The use of overflight mileage in the factor stems from allocation of labor costs as one of the criteria to determine a fair tax. When airplanes are flying over the State, the labor force that put the plane there, and operates it, is generating income for the airline, income that would otherwise escape income taxation by the state overflown or by any other state.
The establishment of a good business climate in this state should not be clouded by poor income tax planning, especially when the taxpayer has suggested the method as a fair one.